IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Mary Alice Ward, | ) | C/A No. 0:15-975-TMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Carolyn W. Colvin, Acting Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 (D.S.C.). The plaintiff, Mary Alice Ward, brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying her claims for Disabled Widow's Benefits ("DWB") and Disability Insurance Benefits ("DIB"). Having carefully considered the parties' submissions and the applicable law, the court concludes that the Commissioner's decision should be affirmed.

### SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 423(d)(1)(A) and (d)(5), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."[1]  20 C.F.R. § 404.1505(a); see also

---

[1] There are additional requirements for qualifying for DWB as opposed to DIB; however, none of those requirements are in dispute in the current matter. See 20 C.F.R. § 404.335.



Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973); 20 C.F.R. § 404.335 (stating that disability for DWB is as defined in § 404.1505).  The regulations require the Administrative Law Judge ("ALJ") to consider, in sequence:

(1) whether the claimant is engaged in substantial gainful activity;

(2) whether the claimant has a "severe" impairment;

(3) whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

(4) whether the claimant can perform her past relevant work; and

(5) whether the claimant's impairments prevent her from doing any other kind of work.

20 C.F.R. § 404.1520(a)(4).[2]   If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step.  Id.

Under this analysis, a claimant has the initial burden of showing that she is unable to return to her past relevant work because of her impairments.  Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner.  To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy.  42 U.S.C. § 423(d)(2)(A); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050,

---

[2] The court observes that effective August 24, 2012, ALJs may engage in an expedited process which permits the ALJs to bypass the fourth step of the sequential process under certain circumstances.  20 C.F.R. § 404.1520(h).

Page 2 of  11



1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## ADMINISTRATIVE PROCEEDINGS

In October 2011, Ward applied for DIB, and in November 2012 applied for DWB. In both applications, Ward alleged disability beginning October 15, 2010. Ward's applications were denied initially and upon reconsideration, and she requested a hearing before an ALJ. A hearing was held on October 9, 2013 at which Ward, who was represented by Beatrice Whitten, Esquire, appeared and testified. The ALJ issued a decision on November 5, 2013 concluding that Ward was not disabled. (Tr. 14-25.)

Ward was born in 1955 and was fifty-five years old at the time of her alleged disability onset date. (Tr. 196.) She has a seventh-grade education and has past relevant work experience as a housekeeper at a warehouse and a janitor at a school. (Tr. 261-62.) Ward alleged disability due to arthritis, uncontrolled diabetes with neuropathy, back pain, and sciatica. (Tr. 260.)

The ALJ found that Ward was the "unmarried widow" of the deceased insured worker, had attained the age of fifty, and met the non-disability requirements for DWB set forth in section 202(e) of the Social Security Act. The ALJ also noted that the prescribed period would end on September 30, 2015. In applying the five-step sequential process, the ALJ found that Ward had not engaged in substantial gainful activity since October 15, 2010—her alleged onset date. The ALJ also determined that Ward's degenerative disc disease, osteoarthritis of the knees, and conversion disorder were severe impairments. However, the ALJ found that Ward did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed

impairments in 20 CFR Part 404, Subpart P, Appendix 1 (the "Listings"). The ALJ further found that Ward retained the residual functional capacity to

> perform light work as defined in 20 CFR 404.1567(b) except she is limited to occasional pushing and pulling with the bilateral lower extremities. The claimant is unable to climb ladders, ropes, or scaffolds and can occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl. The claimant is able to understand, remember, and carry out simple instructions. She is limited to occasional contact with coworkers and supervisors and should have no regular public contact.

(Tr. 20.) The ALJ found that Ward was capable of performing past relevant work as a housekeeper and that this work did not require the performance of work-related activities precluded by Ward's residual functional capacity. Therefore, the ALJ found that Ward was not disabled from October 15, 2010 through the date of his decision.

Ward submitted additional evidence to the Appeals Council, which denied Ward's request for review on January 27, 2015, making the decision of the ALJ the final action of the Commissioner. (Tr. 1-5.) This action followed.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more



than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

## ISSUES

Ward raises the following issues for this judicial review:

I:    The ALJ's Step Four finding was not supported by substantial evidence; and

II:   The ALJ's RFC analysis does not rest on substantial evidence.

(Pl.'s Br., ECF No. 11.)

## DISCUSSION

**A.    Past Relevant Work**

Ward first argues that the ALJ's finding at Step Four of the sequential evaluation that Ward could return to her past relevant work as a housekeeper is unsupported by substantial evidence. As stated above, a claimant has the initial burden of showing that she is unable to return to her past relevant work because of her impairments. "Past relevant work" is defined by the regulations as "work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it." 20 C.F.R. § 404.1560(b)(1); see also 20 C.F.R. § 404.1574 (discussing substantial gainful activity). In determining whether a claimant can perform her past relevant work, the Commissioner "will ask [the claimant] for information about work you have done in the past" and "may also ask other people who know about your work" and "may use the services of vocational experts or vocational specialists, or other resources, such as the 'Dictionary



of Occupational Titles' and its companion volumes and supplements, published by the Department of Labor, to obtain evidence [he] need[s] to help [him] determine whether [a claimant] can do [her] past relevant work, given [her] residual functional capacity." 20 C.F.R. § 404.1560(b)(2). Further, a claimant is generally not disabled if she can return to her past relevant work as she performed it or as it is customarily performed throughout the economy. Id.; SSR 82-61.

In this case, the ALJ first found that Ward "worked full time doing cleaning from January 2001 through October 2010 (housecleaner, DOT # 323.687-014, SVP 2, light exertional level) (Exhibits 3E and SA)." (Tr. 24.) The ALJ found that this work constituted past relevant work. The ALJ stated that

> [i]n comparing [Ward's] residual functional capacity with the physical and mental demands of this work, I find that the claimant is able to perform it as generally performed. An individual of [Ward's] age, work experience, education and residual functional capacity could perform work as a housecleaner (DOT # 323.687-014, SVP 2, light exertional level) as it is generally performed in the national economy (Exhibit 5A).

(Id.)

Contrary to Ward's argument that the ALJ's finding that Ward could return to her past relevant work as it is generally performed is unsupported by substantial evidence, as pointed out by the Commissioner, in making this finding the ALJ specifically references the Dictionary of Occupational Titles ("DOT"), which is specifically listed as a source to aide the ALJ in determining whether a claimant can return to her past relevant work. Ward summarily argues that her residual functional capacity contained limitations beyond the functions addressed by the DOT; however, upon review of DOT # 323.687-014, the court is unable to glean any limitations in Ward's residual functional capacity assessment that would preclude her from performing this past relevant work as



it was generally performed.  See DOT # 323.687-014, 1991 WL 672783; see also Fletcher v. Colvin, No. 1:15CV166, 2016 WL 915196, at *10 (M.D.N.C. Mar. 4, 2016) (collecting cases and explaining that DOT codes containing a fifth digit of "8" as well as DOT entries describing "taking instructions" as "not significant" are not inconsistent with limiting a claimant to occasional interaction with supervisors).  The ALJ also cited to a Disability Determination Explanation from June 2012, which stated that an individual with Ward's residual functional capacity could perform her past relevant work as a housekeeper, DOT # 323.687-014.  (See Tr. 65-83.)  Ward's challenges are insufficient to render the ALJ's decision on this issue unsupported.  Moreover, contrary to Ward's summary assertions, "the ALJ is under no obligation to elicit the testimony of a vocational expert until a claimant meets [her] burden" of showing that she is unable to return to her past relevant work because of her impairments.  Graham v. Colvin, Civil Action No. 9:14-cv-04348-RBH, 2016 WL 873144, at *6 (D.S.C. Mar. 8, 2016) (citing Musgrave v. Sullivan, 966 F.2d 1371, 1376 (10th Cir. 1992)).

**B.     Residual Functional Capacity Assessment**

Ward, relying on the decision by the United States Court of Appeals for the Fourth Circuit in Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), argues that the residual functional capacity as determined by the ALJ fails to account for his finding that Ward had "moderate limitations" with concentration, persistence, or pace at Step Three of the sequential evaluation.  Specifically, she argues that moderate limitations "would interfere with the assembly-line like quality of commercial hotel housekeeping."  (Pl.'s Br. at 10, ECF No. 14 at 10.)

In Mascio, the Fourth Circuit held that remand was warranted in part because the ALJ's hypothetical question to the vocational expert was legally insufficient in that it failed to



include—without any explanation by the ALJ—the ALJ's finding of moderate limitation on the claimant's ability to maintain concentration, persistence, or pace at Step Three. Mascio, 780 F.3d at 638. The Fourth Circuit stated that it "agree[d] with other circuits that an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.' " Id. (quoting Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011) (joining the Third, Seventh, and Eighth Circuits)). However, the Court continued stating:

> Perhaps the ALJ can explain why Mascio's moderate limitation in concentration, persistence, or pace at step three does not translate into a limitation in Mascio's residual functional capacity. For example, the ALJ may find that the concentration, persistence, or pace limitation does not affect Mascio's ability to work, in which case it would have been appropriate to exclude it from the hypothetical tendered to the vocational expert. But because the ALJ here gave no explanation, a remand is in order.

Mascio, 780 F.3d at 638 (citation omitted).

Contrary to Ward's conclusory argument, her case is not directly on point with Mascio. Unlike in Mascio, the ALJ in Ward's case discussed limitations stemming from her mental impairments in performing the residual functional capacity assessment. The ALJ observed that in January 2012 on examination Ward's "concentration and memory were moderately impaired and her affect was constricted" and "[h]er insight and judgment seemed limited" (Tr. 22); in March 2012 on examination "[h]er attention, concentration, and memory were adequate" (id.); and in June 2012 a state agency reviewer found Ward "was able to understand, remember, and carry out simple instructions, maintain concentration and attention for periods of at least 2 hours, and recognize normal hazards and take appropriate precautions" but Ward "would perform better if substantial interaction with the public and with coworkers was not required" (Tr. 22-23).



Ward appears to contend that greater limitations should have been included in her residual functional capacity based on a record indicating that Ward was moderately limited in concentration, persistence, or pace and explaining that Ward "would have difficulty sustaining concentration and att[ention] for extended periods of time. She may have interruptions in her workweek due to psychologically based symptoms." (Tr. 80.) However, that same record includes the opinion that, due to symptoms from Ward's mental impairments, the following would be expected:

> The claimant would be able to understand, remember and carry out simple instructions.
> The claimant would be able to maintain concentration and attention for periods of at least 2 hours.
> The claimant may perform better if substantial interaction with the public and with coworkers is not required.
> The claimant is able to recognize normal hazards and take appropriate precautions.

(Tr. 80-81.) As indicated above, the ALJ specifically acknowledged this record in analyzing Ward's residual functional capacity. Thus, Ward has failed to demonstrate that any greater limitations are warranted or that the ALJ erred in assessing her residual functional capacity. See Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (stating that the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]" and defining "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance"); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (holding that it is the ALJ's responsibility, not the court's, to determine the weight of evidence and resolve conflicts of evidence); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1973) (indicating that regardless of whether the court agrees or disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence).



### RECOMMENDATION

For the foregoing reasons, the court finds that Ward has not shown that the Commissioner's decision was unsupported by substantial evidence or reached through application of an incorrect legal standard. See Craig, 76 F.3d at 589; see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). The court therefore recommends that the Commissioner's decision be affirmed.

April 6, 2016  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).