IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Mary Alice Ward, | ) | |
| | ) | Civil Action No. 0:15-00975-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Carolyn W. Colvin, Acting Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) ) | |

The plaintiff, Mary Alice Ward ("Ward"), brought this action pursuant to the Social Security Act ("SSA"), 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her claims for Disabled Widow's Benefits ("DWB") and Disability Insurance Benefits ("DIB"). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Now before this court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court affirm the Commissioner's decision. (ECF No. 19).[1] In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated herein by reference. Ward has filed objections to the Report, (ECF No. 22), and the Commissioner has responded to those objections (ECF No. 23). Accordingly, this matter is now ripe for review.

---

[1] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

## BACKGROUND

Ward applied for DIB on October 12, 2011, and DWB on November 28, 2012, alleging in both applications disability beginning on October 15, 2010, when she was fifty-five years old. Ward's application was denied initially and on reconsideration. On October 9, 2013, an Administrative Law Judge ("ALJ") heard testimony from Ward and her sister. On November 5, 2013, the ALJ issued a decision concluding that Ward was not disabled and denying her claims. In his decision, the ALJ found that Ward suffered from the following severe impairments: degenerative disc disease; osteoarthritis of the knees; and conversion disorder. (ECF No. 19 at 3). Despite Ward's limitations, the ALJ found that Ward was capable of performing past relevant work as a housekeeper. (*Id.* at 4). Ward sought review of her case by the Appeals Council, which denied her request on January 27, 2015, making the ALJ's decision the final action of the Commissioner. This action followed.

## STANDARD OF REVIEW

The federal judiciary has a limited role in the administrative scheme established by the SSA. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

## DISCUSSION

Upon review, the court gleans two objections from Ward's arguments: (1) the Report's analysis of Ward's residual functional capacity ("RFC") affords weight to information contained in the record but not discussed in the ALJ's written opinion; and (2) the Report runs counter to the Fourth Circuit's opinion in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), because it fails to identify whether the ALJ conducted an adequate function-by-function analysis during his RFC assessment and recommends finding that the ALJ properly accounted for Ward's moderate limitations in concentration, persistence, or pace.

In her first objection, Ward claims that information cited by the magistrate judge while evaluating the propriety of the ALJ's RFC assessment should not be considered because doing so would violate this court's limited review. (ECF No. 22 at 3–4). The court finds this objection has no merit. In making her recommendation, the magistrate judge predominately cited to portions of the ALJ's written decision discussing Ward's past psychological disposition. (ECF No. 19 at 8). The only section of the Report that cites to the record outside of the ALJ's written decision does so in reference to a mental RFC assessment completed in June 2012. (*Id.* at 9). Ward appears to argue that the magistrate judge's citation to this portion of the record erroneously discharges the ALJ of his responsibility to properly articulate his RFC findings by

3

referencing information in the record.  (*see* ECF No. 22 at 4–5).  However, this argument ultimately proves circular, as the Report only discusses this section of the record to highlight information specifically acknowledged by the ALJ in his written decision.  (ECF No. 19 at 9). Additionally, the citation to the RFC assessment is in response to an argument advanced in Ward's response brief, in which she attempts to rebut the ALJ's findings with information contained in the cited material.  (*See* ECF Nos. 17 at 3; 19 at 9).  Accordingly, the court overrules this objection.

      Ward's second objection is also unpersuasive because the facts undergirding the Fourth Circuit's analysis in *Mascio* are dissimilar to the facts presented here.  The ALJ uses five steps to determine a claimant's disability.  20 C.F.R. § 404.1520(a).  The relevant steps in this case are steps three and four. At step three, if the ALJ determines that a claimant's medically determinable impairments are not sufficient to automatically entitle the claimant to disability status under the Code of Federal Regulations, then the analysis proceeds to the next step.  (ECF No. 10-2 at 16–17).  Between steps three and four, the ALJ must determine the claimant's RFC, which is an individual's ability to do physical and mental work activities on a sustained basis despite limitations from the individual's impairments.  (*Id.* at 17).  At step four, the ALJ must determine whether the claimant has the ability to perform any past relevant work.  (*Id.*)

      In this case, the ALJ determined at step three that "[w]ith regard to concentration, persistence or pace, the claimant has moderate difficulties."  (ECF No. 10-2 at 20).  This determination was based on an examination of Ward's abilities, including findings that Ward "was able to be redirected to answering questions appropriately when her thought processes and content were focused on her son's death."  (*Id.*)  Ultimately, at step three, the ALJ determined that Ward did not have an impairment that automatically entitled her to disability status under the

4

Code of Federal Regulations.  (*Id.* at 19–20).  However, the findings concerning Ward's concentration, persistence, or pace were directly reflected in the RFC assessment the ALJ undertook before proceeding to step four.  (*Id.* at 20).

Ward contends that the ALJ's RFC assessment is flawed under *Mascio* because he failed to conduct a function-by-function analysis and did not properly account for her limitations in concentration, persistence, or pace.  In *Mascio*, the Fourth Circuit stated that there is no *per se* rule requiring remand when an ALJ fails to perform a function-by-function analysis, but "[r]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review."  780 F.3d at 636 (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2nd Cir. 2013)) (internal quotation marks omitted).  Here, the ALJ noted limitations stemming from Ward's mental impairments in his written decision, which at the very least provides this court with a sufficient basis to conduct a meaningful review.  (ECF No. 10-2 at 19–25).  Further, the ALJ discussed varying evidence as to Ward's RFC in his written decision, and formulated Ward's RFC based on information contained in a June 2012 state agency assessment, testimonial evidence, and medical records.  (*Id.* at 22–25)  Unlike in *Mascio*, the ALJ explained in his written decision why, in light of evidence contained in the record, he afforded Ward's June 2012 state agency assessment great weight.  (*Id.* at 25).  Hence, Ward's argument directed at the ALJ's function-by-function analysis is unavailing.

Similarly, *Mascio* does not provide a basis for disturbing the ALJ's RFC findings with regard to Ward's moderate limitations in concentration, persistence, or pace.  Addressing these same mental limitations in *Mascio*, the Fourth Circuit noted a difference between the ability to perform simple tasks and the ability to stay on task.  780 F.3d at 638.  Under the facts before it,

the Fourth Circuit determined that remand was necessary because the ALJ gave no explanation regarding whether the claimant's limitations in concentration, persistence, or pace affected her RFC. *Id.* But here, as noted above, the ALJ accounted for Ward's limitations in determining her RFC before proceeding to step four. The ALJ's acknowledgement of limitations identified in the state agency assessment, medical records, and testimonial evidence provides a sufficient basis for his findings of fact, (*see* ECF No. 10-2 at 19–25); *see also Jones v. Colvin*, No. 7:14-cv-00273, 2015 WL 5056784, at *10–12 (W.D. Va. Aug. 20, 2015) ("An ALJ may account for a claimant's limitation with concentration, persistence, or pace by restricting the claimant to simple, routine, unskilled work where the record supports this conclusion, either through physician testimony, medical source statements, consultative examinations, or other evidence that is sufficiently evident to the reviewing court."); *Hutton v. Colvin*, No. 2:14-cv-63, 2015 WL 3757204, at *5 (N.D. W. Va. Jun. 16, 2015) (finding that the ALJ adequately accounted for limitations in concentration, persistence, or pace where he reviewed all of the claimant's pertinent medical evidence in the record), and it is not the role of this court to reweigh the evidence. *Craig*, 76 F.3d at 589. Moreover, Ward's RFC includes specific limitations to accommodate her mental impairments, *i.e.*, limitations as to contact with co-workers, supervisors, and the general public, which further distinguishes her case from *Mascio*. *See Gautreau v. Colvin*, No. 2:15-cv-81, 2016 WL 1314314, at *9 (E.D. Va. Feb. 26, 2016). Therefore, the court finds the ALJ did not err in assessing Ward's RFC, and Ward's objection is overruled.

Ward also argued before the magistrate judge, and again in her objections, that the ALJ failed to support his finding that she could return to past work as a housekeeper with substantial evidence because he did not elicit testimony from a vocational expert. Rehashing arguments raised to the magistrate judge does not comply with the requirements to file specific objections.

*See Nichols v. Colvin*, No. 2:14-cv-50, 2015 WL 1185894, at *8 (E.D. Va. Mar. 13, 2015) (stating that "a mere restatement of the arguments raised in the summary judgment filings does not constitute an "objection" for the purposes of district court review" (citation omitted)). However, the court has reviewed this objection and concurs with the finding of the magistrate judge that the ALJ properly supported his decision with references to the *Dictionary of Occupational Titles* and a June 2012 Disability Determination Explanation, and the ALJ was under no obligation to elicit testimony from a vocational expert. (ECF Nos. 10-2 at 25; 19 at 7); *see Graham v. Colvin*, No. 9:14-cv-4348-RBH, 2016 WL 873144, at *6 (D.S.C. Mar. 8, 2016) (citation omitted). In sum, the court finds that the findings of the ALJ are supported by substantial evidence.

## CONCLUSION

After carefully reviewing the record, the court finds that the ALJ, in reviewing the medical history and subjective testimony, conducted a thorough and detailed review of Ward's impairments, arguments, and functional capacity. Likewise, the magistrate judge considered each of Ward's arguments and properly addressed each in turn, finding them without merit. The court finds no basis for disturbing the Report. Accordingly, the court adopts the Report and its recommended disposition. Therefore, for the reasons set out above and in the Report, the Commissioner's final decision is **AFFIRMED.**

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
May 23, 2016